## EYCLESHIMER vs. VAN ANTWERP.

Where the defendant subscribed a writing, by which he promised to pay to another person a certain sum of money, provided the promisee should, within a specified time, erect a hotel of certain dimensions, upon a certain site; *Held*, that the instrument imported a request to the promisee to erect the hotel, and that a compliance with the request by the promisee was a sufficient consideration for the defendant's promise.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint alleged that *Van Antwerp*, in 1855, executed and delivered to A. Hyatt Smith an instrument in writing, by which he promised to pay, two years after date, to said Smith or order $100, with interest, &c., provided Smith should, within that time, cause to be erected a hotel in Janesville, upon a certain site, and in accordance with a certain plan therein described; that Smith, within the time specified, duly performed the condition therein mentioned, and in 1859, transferred said instrument in writing to the plaintiff, for value; and that said sum remained unpaid.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and the court made an order sustaining the demurrer, from which the plaintiff appealed.

*Knowlton, Prichard & Jackson*, for appellant:

The promise of the defendant was in the nature of a con- tinuing offer; and when the promisee accepted the offer and erected the building, the contract became binding on the promisor. *Amherst Academy vs. Cowls,* 6 Pick., 427 ; *Trus-tees, &c., vs. Stetson,* 5 id., 508 ; *Williams College vs. Danforth,* 12 id., 541 ; *Kennedy vs. Cotton,* 28 Barb., 59 ; 1 Parsons on Con., 357, and cases cited in note. It is not necessary to allege the consideration of the contract in the complaint, if it is shown on the face of the contract there set forth, or can be clearly inferred therefrom. *Allen vs. Jaquish,* 21 Wend., 628.

*Williams & Achilles,* for respondent, contended that the complaint did not show that Smith ever accepted the defendant's promise ; that even if he did accept it, his promise to build the hotel, whether implied from such acceptance or otherwise made by parol, was void by the statute of frauds (12 Barb., 602 ; R. S. 1849, chap. 76, sec. 2), and the instrument set forth in the complaint was void for want of mutuality ; and that the complaint showed no sufficient consideration for the defendant's promise. 10 Barb., 308 ; 2 Pick., 578 ; 11 Mass., 112 ; 21 Wend., 139 ; 1 Coms., 581.

*By the Court,* DIXON, C. J. The rules of law as to what constitutes a sufficient consideration to support a promise, are well settled. They are, that it must be some matter of benefit to him who makes the promise, or of loss or disadvantage to him to whom it is made ; and in addition to this, it must appear that it arose or was moved at the express or implied request of the promisor. The question here is, whether the case made by the complaint comes within these rules. And we think it does. The expense and obligations incurred by Smith, the promisee, in the erection of the hotel, were such a loss and inconvenience to him as constitute a valid consideration, and the undertaking of the defendant to pay him the sum of money named, provided he would erect it within the time specified, was of itself, if not an express, at least an implied request to enter into and incur them. The promise was, in its very nature, a continuing request to Smith to subject himself to the losses and liabilities which,

January Term, 1861.

Eycleshimer
v.
Van Antwerp.

it was known to both parties, must ensue from the prosecution of an enterprise of the kind, and in the direct contemplation of which it was made. And if it be admitted that the defendant might, at its inception, and before any work was done, have retracted it, for want of mutuality, yet, until he did so, it was good as a request, and after the expenses were incurred and the hotel built, it was too late for him to withdraw it. Smith must be presumed to have incurred the expense, in part at least, upon the faith of the request and promise; and after he has done so, it would be most unjust to allow the defendant to repudiate them, and refuse to reimburse him for moneys thus laid out.

This view of the question, we think, is fully sustained by the cases of *Homes vs. Dana,* 12 Mass., 196, and *Trustees of Farmington Academy vs. Allen,* 14 id., 172. In the former case, where certain persons agreed to lend to the editors of a newspaper the sums of money set against their respective names, the same to be paid to one of their number as agent, and such agent advanced money to the editors on the ground of the subscription, it was held he had a right of action against a subscriber who refused to pay the sum he had subscribed. The decision was put upon the ground that, with the knowledge of the subscriber, the agent was led to confide in his engagement, so far as to advance his own money for him. In the latter case, a subscriber to a paper for raising a fund for the establishment of an academy, who was not thereby legally bound, was held liable to pay the trustees the sum subscribed, because when applied to for payment, he did not dissent, but paid a part, and because, without objection, he permitted the trustees to proceed in expending money on the faith of the supposed subscription. This, the court say, was expending money for him on his implied request. In principle there can be no distinction between those cases and the present; and whether they be put upon the ground of an estoppel *in pais,* or an implied request, they are, in our opinion, equally sound and wholesome law.

The order of the circuit court sustaining the demurrer to the complaint, is reversed, and the cause remanded for further proceedings according to law.