Hon. JAMES BARRETT,
Hon. LOYAL C KELLOGG,
Hon. WILLIAM C. WILSON,
Hon. BENJAMIN H. STEELE,
        } ASSISTANT JUDGES.

---

RODERICK, HENRY AND EDWIN BALDWIN *v.* GEORGE LEONARD.

### *Agency. Personal Liability. Partnership.*

The duty is upon the agent, if he would avoid personal liability, to disclose his agency—not upon others to discover it. If he fails to disclose it and deals with persons unaware of it, he must answer to them personally for the debts he contracts.

Mere knowledge of the agency by one partner is not constructively knowledge by the firm; and if the agent after communicating information of his agency to one partner, buys the goods in the absence of that partner, and without any participation in the transaction by that partner, of another member of the firm, who is unaware of the agency, such agent will be personally liable to the firm unless he discloses his agency to the partner with whom he trades.

Baldwin et al. *v.* Leonard.

R. H. and E. were partners and owned some hay. L. asked R. if they had any hay to sell, and told him he was buying as an agent of K. R. said he was not prepared to contract the hay then. In fact it was not at that time all cut. L. said he would call again. Four weeks after this he called and bought the hay of H. in R.'s absence and without his knowledge. L. did not disclose his agency to H. *Held,* that the conversation between L. and R. was no part of any negotiation, and the agent was personally liable to the firm to pay for the hay he bought, although he, in fact, bought it for K.

THIS was an action of book account. The auditor reported the following facts :

It appeared from the testimony offered that the plaintiffs, Roderick Baldwin, Henry R. Baldwin and Edwin D. Baldwin, by their own arrangements and agreement, were joint owners of a quantity of hay raised on land by them jointly carried on, and they had a joint interest in the same, both as to profit and loss, and that Henry R. Baldwin, one of the plaintiffs, sold and delivered to the defendant thirty-six and one-half tons of the aforesaid hay at $15.00 per ton, to be delivered at the depot at North Ferrisburgh, neither of the other plaintiffs being present, and that he went three times after cords to bind said hay with and for removing the press, for which he charged $8.00, and which is allowed, and that the defendant was engaged in buying hay as the agent of Wm. Keach, then residing in Burlington, and who had a contract with government to furnish hay.

It also appeared that the defendant, on or about the 27th day of August, 1864, had an interview with Roderick Baldwin, one of the plaintiffs, the other plaintiffs not being present, and asked him if he had any hay to sell. Roderick Baldwin then asked the defendant if he was buying for himself, and he said no, he was buying for Mr. Keach. Mr. Baldwin then asked if Keach was buying for himself, and the defendant said no, he was buying for government. Baldwin said he was not prepared to contract, and there was no contract at that time made, and the hay was not all cut, and the defendant said he would call again.

About four weeks after this conversation with Roderick Baldwin, the defendant contracted with Henry R. Baldwin, one of the plaintiffs, the other plaintiffs not being present, for all the stack hay they could press and spare for $13.00 per ton, to be delivered at the depot at North Ferrisburgh ; afterwards they made a different con-

tract for all the hay in the barn that they could spare, at $15.00 per ton, instead of the stack hay at $13.00 per ton, and there has been delivered on the last named contract thirty-six and one-half tons. There was no dispute about the quantity of hay delivered, or the price per ton. Henry R. Baldwin admits that there was something said about getting an order from the quartermaster for his pay for the hay.

In answer to requests of counsel the auditor respectfully reports, that from the testimony it appears that the defendant was acting as the agent of Wm. Keach, but he does not find that that fact was communicated to Henry Baldwin, the person with whom the contract was finally made. The defendant admitted in his testimony that he did not know as he ever told Henry Baldwin that he was acting as the agent for Mr. Keach.

At the interview with Roderick Baldwin, previous to the sale of the hay, on or about the 27th of August, Roderick Baldwin was informed that the defendant was purchasing hay as the agent of Mr. Keach, but there was no testimony to prove that that fact was ever made known to Henry R. Baldwin.

The contract for the purchase of the hay, was made with Henry R. Baldwin, something like four weeks after the interview with Roderick Baldwin ; but it did not appear that the purchase was made by the defendant with the disclosure at the time by him that he was acting as the agent of Keach, or that the information given to Roderick Baldwin had ever been given to Henry R. Baldwin as to the defendant's agency.

Now if the court should be of the opinion that from the facts above reported the defendant has made known his agency to Henry R. Baldwin, or if the court should be of the opinion that the information given to Roderick Baldwin was to be regarded as information to Henry R. Baldwin, without proof on that point, then the auditor should find for the defendant to recover his cost ; otherwise, for the plaintiffs to recover of the defendant $492.19 damages and their costs.

The county court, PIERPOINT, Ch. J., presiding, rendered judgment for the plaintiffs, on the report to which the defendant excepted,

*Hard* & *Shaw*, for the defendant.

I. The notice to the plaintiff, Roderick Baldwin, by the defendant, on August 27th, 1864, that he was not purchasing hay for himself, but as an agent for Keach, was a notice of that fact to the plaintiffs' firm and binding upon every member. Notice to one partner is notice to all the firm. Gow on Partnership, 66, 197 ; Collyer on Partnership, § 443 ; Byles on Bills, 346 ; *Porthouse* v. *Parker*, 1 Camp. 82 ; *Gowan* v. *Jackson*, 20 Johns. 175 ; *Rhett* v. *Poe*, 2 Howard, 483, (15 Curtis, U. S. Decisions, 174 ;) *Hart* & *Hoyt* v. *Palmer*, 12 Wend. 523 ; *Watson* v. *Welles*, 5 Conn. 468. If the information obtained by one partner is not communicated to his associates, it is his negligence, not that of the person giving the information ; and the consequence of such negligence must be borne by the firm, and not by the other party.

The mutual relation of partners is more intimate than that of principal and agent, and notice to one partner is notice to the whole firm, when a similar notice to an agent might not bind his principal. The authorities on the subject of notice in the case of principal and agent, however, fully support the defendant's position in the present action. Thus, notice of facts to the principal is notice thereof to the agent. Story on Agency, §140, *d.* p. 171 ; *Mayhew* v. *Eames, et al.*, 3 Barn. & Cres. 601, (10 E. C. L. 195 ;) *Willis* v. *Bank of England*, 4 Ad. & El. 21, (31 E. C. L. 19.)

*A. V. Spalding*, for the plaintiffs.

I. The auditor has found that the defendant did not disclose his agency at the time the contract was made with Henry Baldwin. If a person does not disclose his agency at the time of entering into a contract he is personally liable. *Rathbone* v. *Budlong*, 1 Am. Lead. Cases, pp. 615, 620, 626, 634 ; Kent's Com. vol. 2, p. 848, *et seq.* ; 28 Vt. 234.

II. To whom was credit given by the plaintiffs ? Evidently to the defendant, because they knew of no principal, and the plaintiffs charge the hay to the defendant in the so called memorandum book. If so the defendant is liable. *Ibid.*

III. If an agent makes a contract within his authority without

disclosing or naming his principal, the contracting party on discovering the principal may elect to charge either him or the agent. Kent's. Com. vol. 2, p. 876.

IV. The auditor was correct in ruling that what the defendant intended or supposed, was inadmissible. What was said by him at the time the contract was made, was the only proper evidence. 28 Vt. 234.

The opinion of the court was delivered by

STEELE, J. The question may be stated for convenience, as if all the facts found by the auditor, were conceded by the parties and had been pleaded. The plaintiffs' account is for the price of a quantity of hay which they owned as partners, and which the defendant bought. The defendant resists payment upon the ground that he purchased the hay as an agent for one William Keach, and not for himself. The plaintiffs admitting that the defendant did in fact purchase it for Keach, reply that the sale was made by Henry Baldwin, one of the plaintiffs, to the defendant, and that Henry Baldwin had no knowledge or information of the defendant's agency ; and they claim that the defendant is personally liable because he did not disclose his agency. The defendant, conceding that the sale was thus made, and that Henry had no actual information of the defendant's agency, and that the defendant did not disclose his agency to Henry, and that the defendant would be personally liable if no other facts appeared, rejoins that on an occasion some four weeks previous to the sale, the defendant asked Roderick Baldwin, another of the plaintiffs, if he had any hay to sell, and that Roderick then inquired of him for whom he was buying, and the defendant informed him that he was buying for Keach, and that Roderick said he had no hay to sell or contract at that time, and declined to make any trade, but gave the defendant to understand that he might have hay to sell at some future time ; that the defendant told Roderick he would call again ; that, accordingly, he did call again and purchased the hay of Henry Baldwin in the absence and without the knowledge of Roderick ; and the defendant insists that this notice to Roderick was notice to the firm or partnership which owned the hay, and was a sufficient disclosure or notice of his

agency to save him from personal liability to the firm or partnership of which Roderick was a member. The plaintiffs, admitting the facts rejoined by the defendant, say they are insufficient in law to constitute such a disclosure or notice as would save the defendant from personal liability to the firm or partnership. This issue of law upon the sufficiency of the disclosure of the defendant's agency, is the only question which the case presents for decision.

It is to be observed that the information to Roderick was no part of a negotiation for the hay. It was merely part of a conversation some time previous to any negotiation and in which Roderick declined to open a negotiation, but gave the defendant to understand that at some future time he might be prepared to contract his hay. The defendant's remark, that he would call again, indicated that a trade or bargain might be made when he should call; not that one was commenced already. Roderick did not intimate that he would trust Keach, and the defendant did not intimate that Keach would desire credit. This case is to be distinguished from one in which the transaction is commenced with a partner to whom the agency is disclosed and completed with another partner to whom it is not disclosed. The information to Roderick being unconnected with any negotiation or obligation must be treated, precisely as the same information would be if obtained incidentally from a stranger instead of the defendant. The case, therefore, limits itself to the inquiry whether mere knowledge of the defendants agency by one partner, who does not make the trade or know of it, is, *constructively*, knowledge by the firm. If it is, it must be upon the ground that it was the duty of the partner who had the knowledge to communicate it to the firm, or that it is to be presumed that in the ordinary course of business he did communicate it. Such a duty or presumption cannot exist unless some business has been done or commenced with him or by him as representing the firm. Such are the cases of commercial law which have been relied on by the defendant, in which a notice of dishonor or protest served upon one partner or even a clerk as representing the firm, have been held well served. This was not such a case. No rule of law or business required Roderick to communicate to the firm that a man with whom he had opened or agreed to

open no business, had told him he was an agent of Keach. Roderick might well presume that the defendant would inform the other partners of his agency in case he should call and open negotiation with them in his absence. The duty is upon the agent if he would avoid personal liability to disclose his agency, not upon others to discover it, and if he fails so to do, and deals with persons unaware of his agency, he must answer personally for the debts he contracts.

The judgment for the plaintiffs is affirmed.