## ERNEST J. JOHNSON *v.* ROBERT P. PORTER.

*When agent is responsible for undisclosed principal. Finding of referee.*

1. Where an agent purchases goods without disclosing his agency, and the person with whom he deals is not aware of it, he makes himself personally liable.

2. Defendant selected and purchased a casket, telling the plaintiff that he wanted it for his daughter, Mrs. Colby. Being asked whether Colby was able to pay, he replied, "I guess we have got money enough among us to pay for the casket." Plaintiff charged the casket to defendant. *Held*, that he is liable.

3. And if a referee reports fully the facts, the court will regard his further finding, that the plaintiff ought to have understood that the defendant was acting for another, as an inference of law, and render judgment upon the facts notwithstanding.

General assumpsit for the price of a casket. Plea, the general issue. Heard on referee's report at the May term, 1890, Rowell, J., presiding. Judgment for the plaintiff.

The defendant excepts.

The report of the referee was as follows:

"The single matter in dispute is whether defendant is liable to pay for a burial casket sold by plaintiff. About July 1, 1888, Allston Colby married defendant's daughter, and thereafter with his wife lived at the home of defendant under a contract to pay defendant for their board. August 18, 1888, Mrs. Colby died, (Colby himself being then seriously sick at same place,) at defendant's house. Plaintiff then kept a furniture and undertaker's store at said Hartford, and Colby directed defendant to procure a casket for his, (Colby's) wife's burial. Defendant went to said store on August 19th, 1888. Plaintiff knew defendant only "by sight," did not know Colby, and knew nothing about the means

or financial standing of either. When defendant went to the store he told plaintiff that he wanted a casket "for his daughter, Mrs. Allston Colby," and while looking over and selecting from the stock, the plaintiff asked defendant who Colby was, and whether Colby "could afford to stand the sickness and decease" of his wife. To the last inquiry defendant replied: "I guess we've got money enough among us to pay for the casket." After selecting one, plaintiff was directed by defendant to carry it to the defendant's house that same afternoon, and he did so. The price, $25.00, was agreed on at time of sale, and is reasonable. Defendant did not authorize the plaintiff to charge the casket to him, nor did he direct him to charge it to Colby;—in fact, nothing was at any time said by either party in regard to payment or credit, except as above quoted. Plaintiff was accustomed, unless expressly directed to do otherwise, to make charges to the persons coming and ordering goods, but there was no evidence tending to show that defendant knew of this custom. After plaintiff returned from delivering the casket, and on the same day, he entered upon his book under date of August 19, 1888, "Perry Porter, casket, $25.00." Perry Porter is the defendant. At time of sale plaintiff understood from defendant that Mrs. Colby's husband was then living, and at the defendant's house, and the referee is of opinion that plaintiff should have understood that defendant was acting for Colby, which was the case; and therefore finds that plaintiff was not warranted, under all the circumstances, in charging said item to defendant, and that defendant is not liable to pay same."

*Samuel E. Pingree,* for the defendant.

The referee reports that the plaintiff ought to have known that the defendant was acting as agent, and that finding is conclusive.

*Stephen M. Pingree,* for the plaintiff.

The defendant did not disclose his agency and is therefore liable. *Royce* v. *Allen,* 28 Vt. 234 ; 13 John. 58.

The opinion of the court was delivered by

TYLER, J. The defendant did not direct the plaintiff to charge the casket to his son-in-law, Colby, nor claim that he

Johnson *v.* Porter.

ordered it as the latter's agent and in his behalf. He merely told the plaintiff that he wanted it for his daughter, Mrs. Colby. When inquired of by the plaintiff who Colby was and if he was able to pay the expenses incident to his wife's sickness and death, the defendant replied, "I guess we have got money enough among us to pay for the casket." He selected it, agreed with the plaintiff upon the price and directed him to deliver it at his, the defendant's house.

It is a familiar rule of law, that when an agent purchases goods without disclosing his agency and the person with whom he deals is unaware of it, he renders himself personally liable. *Baldwin* v. *Leonard*, 39 Vt. 260.

The defendant did not disclose his agency to the plaintiff; on the contrary, his reply to the latter's inquiry was more indicative of an expectation to pay for the casket himself than that it would be charged to Colby. We think the plaintiff was justified in thus construing his answer and in charging the casket to him.

The referee reports that in his opinion the plaintiff should have understood that the defendant was acting for Colby, that he was not warranted in charging the casket to the defendant and that the latter is not liable therefor; but we regard this as a legal inference drawn by the referee and not a finding of fact by him. *Briggs* v. *Estate of Briggs*, 46 Vt. 571. Upon the reported facts, we find no error in the judgment of the County Court and that judgement *is affirmed.*