RAINER and wife, Respondents, vs. SCHULTE, Appellant.

*September 26—October 15, 1907.*

*Pleadings: Cause of action: Agreement to procure insurance: Insurance agent: Want of authority: Evidence: Materiality: Trial: Questions for jury: Contracts: Construction: "Forthwith."*

1. A complaint based upon an express oral agreement, whereby the defendant, in pursuance of the application of plaintiffs and in consideration of a promise to pay an agreed premium, undertook and agreed to procure *forthwith* insurance on plaintiffs' building, then in process of construction, in a definite sum for an agreed term, is *held* to state a good cause of action.

2. If such was in fact the agreement made, it is immaterial whether the defendant at the time had authority to represent and bind some unnamed insurance company or some insurance agent.

3. In such case the evidence, stated in the opinion, is *held* to be sufficient to take the case to the jury.

4. Under such contract, "forthwith" entitled defendant to a reasonable time to procure the agreed insurance.

5. In such case it was doubted whether a delay of two days between the contract and a fire ought not, as matter of law, to be held unreasonable, but being a question of fact, and it appearing that the trial court had fully and fairly submitted that question to the jury, and had refused to set aside a verdict in favor of plaintiff, under such circumstances submission of that question was not erroneous.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

This action was commenced January 25, 1905, to recover damages for failure to procure insurance on a building in process of erection as agreed. The amended complaint alleges, in effect, that the plaintiffs are husband and wife and reside at the place stated; that in October, 1904, and prior thereto the plaintiffs were and ever since have been the owners in fee and in possession of the lot described, and were then erecting a residence building thereon, which was partially completed and had cost the plaintiffs $1,200, and the same was then worth that amount; that the plaintiffs were desirous of having the same insured against loss by fire; that

at the time and for many years before the defendant had held himself out and represented himself to the public and especially to the plaintiffs as an insurance agent duly authorized to contract for and on behalf of and able to procure fire insurance on buildings in that locality in responsible fire insurance companies; that the plaintiff *Frank Rainer* then held an unexpired fire insurance policy on the plaintiffs' residence in the same vicinity in the Continental Insurance Company of New York, which he had procured through the defendant, believing him to be the agent of that company; that in consequence of such representations and dealings the plaintiffs at the time verily believed that the defendant was such insurance agent; that in that belief and on October 18, 1904, at the place named, the plaintiffs made application to the defendant for insurance of said building so in process of construction in the sum of $1,200 at the rate of eighty cents per $100 for three years, and at the same time promised and agreed to pay to the defendant his reasonable charges for procuring such insurance, including the premium therefor, upon the delivery to the plaintiffs by the defendant of the written policy of insurance covering said premises; that the defendant then and there accepted said application upon said terms, and in consideration of the plaintiffs' said promise and agreement the defendant then and there agreed and undertook to procure forthwith such insurance of said building in said sum at said rate and for a term of three years, and then and there received from the plaintiffs a full description of and the location and nature of said building and premises and all particulars in relation thereto which the defendant desired for the purpose of procuring a written policy of insurance thereon as aforesaid; that from that time until after the fire hereinafter mentioned the plaintiffs firmly believed said premises were covered by fire insurance in the sum of $1,200 by reason of said contract so made, and that the plaintiffs have at all times since entering into said con-

tract been ready and willing to perform the same on their part; that early in the morning of October 20, 1904, the said building, without any fault on their part, was totally destroyed by fire; that the plaintiffs have no knowledge or information as to how the said fire originated; that after said destruction of the building by fire and on the morning of October 20, 1904, the plaintiffs notified the defendant thereof, when they were for the first time informed by the defendant that he had not procured any insurance on the said building and that he had no authority to contract so to do; that the defendant refused and still so refuses to recompense the plaintiffs for the loss of said building or any part thereof; that at the time of entering into said contract the defendant was not an insurance agent and was not authorized to enter into said contract for or on behalf of any insurance company or person whatsoever; that said building was not insured; that the defendant wholly failed to carry out his said agreement with the plaintiffs to procure such insurance and failed to protect the plaintiffs against loss by reason of the destruction of the building by fire, and in consequence thereof the plaintiffs were damaged in the sum of $1,200, for which they pray judgment, with costs. The defendant answered by way of admissions, denials, and counter allegations. At the close of the trial the jury returned a general verdict, wherein they found for the plaintiffs and assessed their damages at $462.54, with interest thereon from October 20, 1904. From the judgment entered thereon in favor of the plaintiffs for the amount stated, and costs, the defendant appeals.

*Edgar L. Wood,* for the appellant.

For the respondents there was a brief by *Nath. Pereles & Sons,* attorneys, and *Charles S. Carter,* of counsel, and oral argument by *Mr. Carter.*

CASSODAY, C. J. We are constrained to hold that the amended complaint states a good cause of action against the

defendant. Such cause of action as therein alleged is based upon an express oral agreement, whereby the defendant, in pursuance of the application of the plaintiffs and in consideration of the promise made by them, undertook and agreed to procure forthwith insurance on the building of the plaintiffs, then in process of construction, in the sum of $1,200 for the period of three years, and for which the plaintiffs then agreed to pay the defendant at the rate of eighty cents for each $100. If such was in fact the agreement made, then it was immaterial whether the defendant at the time had authority to represent and bind some unnamed insurance company or some insurance agent. Mechem, Agency, §§ 554, 558; *Beymer v. Bonsall,* 79 Pa. St. 298; *Baldwin v. Leonard,* 39 Vt. 260; *Campbell v. Am. F. Ins. Co.* 73 Wis. 100, 109, 40 N. W. 661; *Stehlick v. Milwaukee M. Ins. Co.* 87 Wis. 322, 58 N. W. 379; *Oliver v. Morawetz,* 97 Wis. 332, 72 N. W. 877. The defendant certainly had authority to bind himself to procure such insurance. The evidence tending to prove that the defendant made such contract was sufficient to take the case to the jury. According to such evidence the insurance was to be procured "forthwith." Of course the defendant was entitled to a reasonable time within which to procure the same. The plaintiffs claim that the contract was made October 18, 1904, and that the fire occurred on the morning of October 20, 1904. We have had some doubt whether it ought not to be said, as a matter of law, under the circumstances disclosed in the evidence, that such delay in procuring such insurance was not unreasonable. But the question whether such delay was reasonable or unreasonable was one of fact, and it was fully and fairly submitted to the jury by the trial court. That court refused to set aside the verdict, and we cannot say that it is not sustained by the evidence. There are no other questions in the case calling for consideration.

*By the Court.*—The judgment of the circuit court is affirmed.