WAGNER, Executrix, Appellant, vs. FALBE & COMPANY and another, Respondents.

*January 9—February 7, 1956.*

For the appellant there was a brief and oral argument by *Hackett & Steinle* of Milwaukee, and oral argument by *Roland J. Steinle, Jr.*

For the respondents there was a brief by *Wolfe, O'Leary & Kenney* of Milwaukee, and oral argument by *Kenneth M. Kenney.*

BROWN, J.  It is not pleaded but the proof shows that on November 13, 1951, Wagner had a contract to construct the building in question for one Scheunemann. The building permit was issued November 12, 1951, and work started November 20, 1951. Appellant's brief states:

"The plaintiff's case in substance was as follows: On January 18, 1952, the date of the fire which destroyed the Scheunemann building, Mrs. Wagner phoned Mr. Schmitz at his office about 1:15 in the afternoon. She reported the occurrence of the fire at the Scheunemann home. Defendant Schmitz told her, 'Well, build it up, you are insured.' Mrs. Wagner answered, 'I know that, but I still have to report it.' To which defendant Schmitz answered, 'Yes.' . . .

"In late spring or early summer the following instance occurred at a dwelling of the Wagners. Defendant Schmitz came to the Wagner home, and he and Mr. Wagner and Mrs. Wagner stood together in the Wagner home within two or three feet of one another. Mrs. Wagner said: 'Good evening' to Mr. Schmitz, and that was the extent of her participation in the conversation, but she listened to the conversation between Mr. Wagner and Mr. Schmitz. Mr. Schmitz did not say anything directly to her. There was a conversation be-

tween Schmitz and Wagner, and when the court sustained defendant's objection to Mrs. Wagner testifying as to the conversation between Wagner and Schmitz on the ground that it involved a conversation or transaction with a deceased person, the following offer of proof was made: Mr. Schmitz handed Mr. Wagner a bill for insurance premiums. Wagner looked at the bill and said to Schmitz: 'I will pay you for this insurance when you pay me for the fire loss.' Schmitz turned on his heels and walked out of the house.

"The testimony concluded with a statement by Mrs. Wagner that she personally did not order the builders-risk fire insurance in question."

We need not determine whether the exclusion of the testimony described in plaintiff's offer of proof was error, for the admission of the testimony could not have improved plaintiff's case for reasons which will appear later. Plaintiff's theory is that Schmitz's response over the telephone to Mrs. Wagner's report of the fire and Schmitz's silence when Wagner referred to the nonpayment of the fire loss constituted admissions sufficient to take to the jury the question of whether Schmitz had previously agreed to obtain insurance.

A jury finding that Schmitz accepted an order by Wagner to procure fire insurance would not in itself be sufficient to support a judgment for plaintiff. It is generally agreed that an insurance agent can bind himself by parol to procure insurance, and if he breaches the contract he is liable in damages. 2 Couch, Insurance, p. 1366, sec. 481; *Rainer v. Schulte* (1907), 133 Wis. 130, 113 N. W. 396, cited in *Milwaukee Bedding Co. v. Graebner* (1923), 182 Wis. 171, 196 N. W. 533. Such liability, the amount of damages recoverable, and by whom, of course depend on the terms of the order which the insurance agent undertook to fulfil. In the case at bar, how much insurance did Wagner order and Schmitz agree to obtain? Who was to be the party insured, the contractor or the owner? When was the insurance to become effective and for what term? It is difficult enough to

draw inferences from these so-called admissions that on November 15, 1951, the contractor ordered any substantial amount of insurance, on which he must pay premiums, before there was anything which fire could destroy; but it is quite impossible in the "admissions" or elsewhere to find that Wagner ordered or Schmitz undertook to obtain insurance in *any* amount. Unless appellant can establish a principal sum she cannot establish a breach of Schmitz's alleged agreement to provide it by way of an insurance policy and, equally important to her cause of action, until it is known *how much* insurance the agent was to obtain she cannot establish in what amount her husband was damaged because he obtained none. Apparently she recognized the importance of this, for her complaint alleged that Wagner and Schmitz ". . . entered into an oral agreement . . . to procure insurance *in the amount of twenty thousand ($20,000) dollars* against all direct loss by fire . . ." etc. The proof, including every inference which may be drawn from the "admissions," completely fails to supply a principal sum of $20,000 or any other amount. A determination by court or jury that Wagner was damaged in a specific sum because Schmitz had failed to supply insurance in that or some other figure would have no support in the evidence. It was useless, then, to submit appellant's case to the jury and the nonsuit was properly directed.

*By the Court.*—Judgment affirmed.

STEINLE, J., took no part.