HAUSE and others, Plaintiffs, v. SCHESEL and others, Defendants: SCHESEL, by Guardian *ad litem*, Third-Party Plaintiff and Respondent: DAIRYLAND INSURANCE COMPANY, Third-Party Defendant: LIDDICOAT and others, Third-Party Defendants and Appellants.

*No. 243.—Argued April 3, 1969.—Decided May 9, 1969.*
(Also reported in 167 N. W. 2d 421.)

For the appellants there were briefs by *Chambers, Nash, Pierce & Podvin* and *Francis J. Podvin,* all of Wisconsin Rapids, attorneys, and *Ross, Stevens, Pick & Spohn* and *Jack F. Olson,* all of Madison, of counsel, and oral argument by *Francis J. Podvin* and *Jack F. Olson.*

For the respondent *Gordon B. Schesel* there was a brief by *Hosek, Zappen, Meissner & Oestreicher* and *John C. Oestreicher,* all of Marshfield, and oral argument by *John C. Oestreicher.*

For the respondent Dairyland Insurance Company there was a brief and oral argument by *Karl F. Peplau* of Augusta.

ROBERT W. HANSEN, J. This case, as to the matters covered by this appeal, involves two causes of action brought in the alternative. One is based on the law of contracts. The other on the law of torts. The complaint is an either/or proposition, and there is nothing wrong with that. However, the result must follow the request in being founded either on contract or tort liability. It is either fish or fowl, not both.

What is puzzling to us, although the point seems not to have been raised at the trial court level nor before us, is that the jury verdict appears to combine the two causes of action. At least the jury answered affirmatively the question: Did Everett L. Liddicoat agree to procure insurance with Dairyland Insurance Company covering Gordon B. Schesel's automobile, in force and effect beginning at 12:01 a. m. on April 2, 1967? Unless the term agreement is to be given a very limited definition, amounting to no more than a gratuitous promise made without consideration therefor, it appears to us that this finding by the jury, if left unturned, recognizes the liability of the agent to the purchaser on the basis of a contract to procure insurance, effective as of 12:01 a. m. on Sunday, April 2, 1967. If this is the case, the findings as to negligence would go to how or why such contract was breached, but would not be needed to establish liability for nonperformance or breach of such contract to procure insurance.

If the proportion of space in both appellants' and respondents' brief is a reliable indication, whether or not there was in fact such a contract to provide insurance between purchaser and agent is a principal issue on this appeal. Both briefs give space and place emphasis on the nature of the agreement between the purchaser and the agent. For example, agent's counsel concedes that "there is the requisite scintilla of evidence to sustain the jury's finding" that Liddicoat agreed to provide coverage effective at 12:01 a. m. on April 2, 1967. How-

ever, the contention is made that such agreement lacked an essential element, that of consideration. The claim is that the payment of the initial premium by the purchaser was a payment to Dairyland for a contract of insurance, not to the agent for an agreement to procure insurance, and therefore the agent received no consideration for his agreeing to procure insurance effective as of a certain time and date. The Wisconsin case most squarely dealing with this contention is the *Gegare v. Fox River Land & Loan Co. Case.* In that case, the plaintiff alleged that the defendant unqualifiedly agreed to keep the burned building insured in the sum of $2,000. The answer alleged that defendant agreed to do so if it could and that it exercised due diligence in doing so. The trial court on motions after verdict stated that the case showed that defendant for a sufficient consideration agreed to act as the agent of the plaintiffs in procuring insurance. In affirming the trial court this court stated:

"Does the evidence show a good consideration for the contract? The fact that plaintiffs had arranged for the mutual insurance and had agreed to a change at defendant's solicitation and in reliance upon its promise and that they have suffered a loss in consequence would in itself go far toward furnishing a sufficient consideration to support the promise, because a consideration may consist of a benefit to one party to a contract or a loss or detriment to the other. *Messenger v. Miller,* 2 Pin. 60; *Eycleshimer v. Van Antwerp,* 13 Wis. 546. *Besides, the defendant was an insurance agent, and presumably would receive the usual commission on so much of the insurance as it placed, as well as the usual broker's commission if written by some other agent.* The conveyance of the property, the making of the loan, and the arrangement in reference to the insurance all took place at the same time and were parts of one entire transaction. Defendant received a commission of $38 for making the loan and $2.25 for drawing conveyances. It also received $8.50 for abstracts, but it does not appear whether these were prepared by defendant or the money was due to someone else who had prepared them. The mortgage pro-

vided that the property was to be insured in companies approved by the defendant; so that it practically had the power to dictate the companies in which the insurance would be placed and to prevent the plaintiffs from procuring any insurance that would not receive its O.K. These facts show a sufficient consideration for the defendant's promise. They are much stronger than those shown in *Rainer v. Schulte*, 133 Wis. 130, 113 N. W. 396, where a recovery was upheld against a party who had agreed to place insurance and then neglected to do so for a period of two days." (Emphasis supplied.) [1]

Two other Wisconsin cases touch on the problem. In one, the question was whether a complaint stated a cause of action against an insurance agent for breach of a contract to procure insurance. The court stated the following:

"We are constrained to hold that the amended complaint states a good cause of action against the defendant. Such cause of action as therein alleged is based upon an express oral agreement, whereby the defendant, in pursuance of the application of the plaintiffs and in consideration of the promise made by them, undertook and agreed to procure forthwith insurance on the building of the plaintiffs, then in process of construction, in the sum of $1,200 for the period of three years, and for which the plaintiffs then agreed to pay the defendant at the rate of eighty cents for each $100 . . ." [2]

In the other, the court held that an employee of an agent had sufficient authority to bind the agent to a contract to procure insurance on a theory of apparent authority. All that had passed between the plaintiff and the agent's employee was a conversation in which the employee agreed to procure $2,000 additional insurance. [3]

---

[1] *Gegare v. Fox River Land & Loan Co.* (1913), 152 Wis. 548, 557, 140 N. W. 305.

[2] *Rainer v. Schulte* (1907), 133 Wis. 130, 113 N. W. 396.

[3] *Milwaukee Bedding Co. v. Graebner* (1923), 182 Wis. 171, 196 N. W. 533.

The agreement by a proposed insured to pay the premium and accept a delivered policy is a real and not just a technical consideration in exchange for a promise to procure insurance. Agents are in business to attract customers to themselves; and business is usually done with such agents on the basis of their integrity and accountability. It is unrealistic to characterize as gratuitous a promise to procure insurance made by someone who submits applications for insurance to an insurance company with the expectation of receiving a profit if the application is accepted. The facts here support the jury finding that there was an agreement between purchaser and agent to procure a policy of insurance effective at 12:01 a. m., Sunday, April 2, 1967. No issue is raised as to acceptance.

The evidence is sufficient to prove that a binding contract to procure insurance was entered into.

If the cause of action based on contract stands, there is no reason to take up the cause of action based on tort. The plaintiff had the right to allege both causes of action. Submitting both to the jury was proper as the jury here might well have found that there was no agreement to procure insurance binding upon the agent. In that event, the question of liability based upon negligence would have been before the jury. However, with liability on contract established, the question of liability in tort in the absence of contract is not reached. In a sense it is a second line of attack not wageable if the first thrust breaches the fortress wall and establishes liability. The findings of the jury as to negligence and their inclusion in the judgment become surplusage, immaterial to a finding of liability based on contract. The purchaser can come to court with two alternative causes of action, but he cannot hope to prevail on both, at least not in the fact situation here presented.

The final issue in this case involves the liability of the Dairyland Insurance Company for the act of its

agent in agreeing to provide an insurance policy effective as of a certain time and date. The trial court granted a motion for directed verdict in favor of Dairyland, holding that the agent had no actual authority to bind Dairyland. Both purchaser and agent through counsel attack this ruling, both contending that the agent had at least apparent authority to bind the company in this regard. We affirm the action of the trial court in granting a directed verdict in favor of Dairyland, but do so on a basis more basic than the absence of authority, actual or apparent. The purchaser cannot claim (1) that the agent agreed to procure a policy of insurance and then failed to procure it; and (2) that the company is liable on the insurance contract that the agent failed to procure. To recover against the agent on the basis of failure to fulfill an agreement to procure insurance, the purchaser had to prove, and did, that the agent failed to procure the insurance he had agreed to provide. To recover against the insurance company, the purchaser would have to prove that the agent did what he agreed to do, to wit: procure an insurance policy effective as of April 2, 1967, at 12:01 a. m. He cannot do both. He cannot base a claim in contract against the agent on noncoverage, and maintain a claim against the company based on coverage.

So we do not reach the question of the limits of authority, actual or apparent of the agent nor do we get to the question of the measure of damages where liability of an insurance agent for breach of contract to procure insurance has been established. It is enough to deal with the issues necessarily involved in the disposition of the appeal.

*By the Court.*—Judgment affirmed.